UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

CR 14-126 DWF

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **INFORMATION** |
| | ) | |
| Plaintiff, | ) | (18 U.S.C. § 982(a)(7)) |
| | ) | (18 U.S.C. § 982(b)(1)) |
| v. | ) | (18 U.S.C. § 1347) |
| | ) | (21 U.S.C. § 853(p)) |
| TABATHA LYNN OBERT, | ) | (28 U.S.C. § 2461(c)) |
| | ) | |
| Defendant. | ) | |

THE UNITED STATES ATTORNEY CHARGES THAT:

### COUNT 1
(Health Care Fraud)

1.   From in or about late 2010, to in or about March 2012, in the State and District of Minnesota, the defendant,

**TABATHA LYNN OBERT,**

did knowingly and willfully execute a scheme to defraud health care benefit programs and to obtain money owned by and under the custody and care of health care benefit programs by means of materially false and fraudulent pretenses, representations, and promises, in connection with the delivery of and payment for health care services, in violation of Title 18, United States Code, Section 1347.

2.   Specifically, defendant submitted or caused to be submitted false claims to multiple insurers. Defendant would submit or cause to be submitted claims for durable medical equipment that was not approved for the recipient by a physician as required by the federal health benefit programs. Instead, defendant would falsify or cause to be falsified required physician authorization forms by adding to the forms durable medical equipment

SCANNED
APR 24 2014
U.S. DISTRICT COURT MPLS

that was not, in fact, approved by a physician.

3. For example, on or about June 28, 2011, defendant submitted or caused to be submitted a claim to Medica, a health care benefit program, for several durable medical equipment items for Y.A., a known adult female. The authorization form reviewed and signed by Y.A.'s physician does not include authorization for a gel mattress pad. Defendant later added in writing the gel mattress pad to the form, as if the physician had authorized it, and included the item in the claim submitted to Medica. Medica paid Mobility Matters $234.86 for the mattress pad.

4. All in violation of Title 18, United States Code, Section 1347.

## Forfeiture Allegations

5. Count 1 of this Information is hereby realleged and incorporated as if fully set forth herein by reference, for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 982(a)(7).

6. As the result of the offense alleged in Count 1 of this Information, the defendant shall forfeit to the United States pursuant to Title 18, United States Code, Section 982(a)(7), any property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the violations of Title 18, United States Code, Section 1347.

7. If any of the above-described forfeitable property is unavailable for forfeiture, the United States intends to seek the forfeiture of substitute property as provided for in Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1) and Title 28, United States Code, Section 2461(c).

8. All in violation of Title 18, United States Code, Sections 1347 and 982(a)(7).

Dated: April 23, 2014

Respectfully submitted,

ANDREW M. LUGER
United States Attorney

BY: DAVID M. GENRICH
Assistant U.S. Attorney